NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

OLIVER LEE HURLEY, *Petitioner*.

No. 1 CA-CR 16-0137 PRPC
FILED 7-13-2017

Petition for Review from the Superior Court in Coconino County
No. CR 98-0062
The Honorable Cathleen Brown Nichols, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Nicholas B. Buzan
*Counsel for Respondent*

Oliver Lee Hurley, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

**¶1**          Petitioner Oliver Lee Hurley seeks review of the trial court's dismissal of the underlying successive petition for post-conviction relief. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 394 ¶ 4, 166 P.3d 945, 948 (App. 2007), *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). We have considered the petition for review and find that Hurley has not sustained his burden of establishing such abuse here. Therefore, we grant review but deny relief.

**¶2**          A jury found Hurley guilty of reckless manslaughter and further found that Hurley had previously been convicted of a felony offense. The trial court sentenced Hurley to an aggravated term of seventeen years' incarceration with the possibility of early release for community supervision after eighty-five percent of the sentence was served. This court affirmed the conviction and sentence on direct appeal. *State v. Hurley*, 197 Ariz. 400, 401 ¶ 1, 4 P.3d 455, 456 (App. 2000).

**¶3**          Hurley previously sought post-conviction relief twice, alleging incomplete records, ineffective assistance of counsel, and a change in law. Both petitions were dismissed.

**¶4**          In the underlying petition for post-conviction relief, which was filed on July 27, 2015, and now on review, Hurley claims that he was held beyond the expiration of his sentence. A review of the record indicates that Hurley was first released from the Arizona Department of Corrections ("ADOC") on August 26, 2013, to begin his consecutive term of community supervision. Subsequently, the ADOC recalculated Hurley's ultimate community supervision end date to be August 11, 2016, after Hurley lost earned time credit due to disciplinary violations at the ADOC and subsequently absconded from community supervision for 198 days. Following a release revocation hearing with the Arizona Board of Executive

Clemency, Hurley's release was revoked, and he was ordered to serve the remainder of his consecutive term of community supervision in the ADOC pursuant to Arizona Revised Statute ("A.R.S.") section 31-402(C)(5)(b).

¶5        Hurley has failed to substantiate his claim, and it is unsupported by fact or law.  Hurley had not yet reached the determined end date when he filed the instant petition for post-conviction relief, and therefore, he was not held beyond final discharge date pursuant to A.R.S. §§ 41-1604.07(H) and 31-402(C)(5)(b).  Further, Hurley fails to establish that either the sentence imposed exceeded the maximum sentence authorized by law, or that there was a miscalculation of time to determine his discharge date.  When a trial court "determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under [Rule 32] and that no purpose would be served by any further proceedings, the court *shall* order the petition dismissed."  Ariz. R. Crim. P. 32.6(c)(emphasis added).

¶6        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA